UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN QUACH, et al.,<br><br>    Plaintiffs,<br><br>        v.<br><br>CITY OF NOVATO, et al.,<br><br>    Defendants. | Case No.  16-cv-00121-DMR<br><br>**ORDER RE: STATEMENT FILED BY PLAINTIFFS AND APPLICATIONS TO PROCEED IN FORMA PAUPERIS**<br><br>Re: Dkt. Nos. 18, 19, 20, 21, 22, 23 |

On June 23, 2016, the court issued an order granting Plaintiffs John Quach, Tug Tin Mathesius, Max Mathesius, Jacqueline Cao, and minor S. C.'s (collectively "Plaintiffs") applications to proceed *in forma pauperis*.[1] [Docket No. 17.]  The court also reviewed the Plaintiffs' complaint pursuant to 28 U.S.C. § 1915(e)(2) and dismissed the complaint with leave to amend by July 7, 2016.[2]  *Id.*

On July 5, 2016, Plaintiff Max Mathesius filed a document entitled "Statement: Testimony," a document entitled "Amended Statement," and what appears to be a form from the

---

[1] Because the court has already granted the Plaintiffs' application to proceed *in forma pauperis*, the court will not consider the new applications to proceed *in forma pauperis* filed by Plaintiffs on July 5, 2016. [Docket Nos. 18, 19, 20, 21, 22.]

[2] Plaintiffs have filed consent to magistrate judge jurisdiction. [Docket Nos. 12-15.]  A magistrate judge generally must obtain the consent of the parties to enter dispositive rulings and judgments in a civil case.  *See* 28 U.S.C. § 636(c)(1).  However, in cases such as this one, where the Plaintiffs have consented [Docket Nos. 12, 13, 14, 15] but not served the defendants, "all parties have consented pursuant to 28 U.S.C. § 636(c)(1)," and a magistrate judge therefore "'may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case.'" *Gaddy v. McDonald*, No. CV 11-08271 SS, 2011 WL 5515505, at *1 n.2 (C.D. Cal. Nov. 9, 2011) (quoting § 636(c)(1)) (citing *United States v. Real Property*, 135 F.3d 1312, 1317 (9th Cir. 1995)); *Third World Media, LLC v. Doe*, No. C 10-04470 LB, 2011 WL 4344160, at *3 (N.D. Cal. Sept. 15, 2011)); *see also Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (holding that magistrate judge had jurisdiction to dismiss action as frivolous without consent of defendants because defendants had not yet been served and therefore were not parties).

Marin County Sheriff's Office for Evidence/Property Record. [Docket No. 23.] To the extent that Max Mathesius intended to file an amended complaint, these documents are insufficient to do so. The "Statement: Testimony" is riddled with hypothetical questions such as "The one who tipped? Uncertain from the extent of my knowledge. A question to be raised at the stand?" and "What kind of drug dealer would be on food stamps anyway? Think about it? If you were a dealer would you be on food stamps?" [Docket No. 23 at 1.]

Rule 8(a) of the Federal Rules of Civil Procedure states that "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Max Mathesius's July 5, 2016 documents fail to do so. Further, the court cannot determine whether the Mathesius is solely acting on his own behalf or whether the document was filed on behalf of the other Plaintiffs. It is not clear from the documents what claims for relief Plaintiff(s) seek to allege and which Defendant(s) each claim is alleged against.

The court reminds Plaintiffs that it does not refer to a prior pleading in order to make plaintiffs' amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Plaintiffs' original complaint has been dismissed in its entirety. [Docket No. 17.] Therefore, if Plaintiffs wish to file an amended complaint each claim and the involvement of each defendant must be sufficiently alleged. *Anderson v. Sacramento Police Dep't*, No. 216CV0527TLNGGHPS, 2016 WL 3091162, at *5 (E.D. Cal. June 2, 2016).

The court refers Plaintiffs to the section "Representing Yourself" on the Court's website, located at http://cand.uscourts.gov/proselitigants, as well as the Court's Legal Help Centers for unrepresented parties. In San Francisco, the Legal Help Center is located on the 15th Floor, Room 2796, of the United States Courthouse, 450 Golden Gate Avenue, San Francisco. In Oakland, the Legal Help Center is located on the 4th Floor, Room 470S, of the United States Courthouse, 1301 Clay Street, Oakland.

//
//

The court extends the Plaintiffs' deadline to file an amended complaint to address the deficiencies noted in the June 23, 2016 Order from July 7, 2016 to **July 20, 2016**.  Failure to file a timely amended complaint may result in a dismissal without prejudice for failure to prosecute the case.

**IT IS SO ORDERED.**

Dated: July 6, 2016

Donna M. Ryu
United States Magistrate Judge